

**Signed April 19, 2013.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| CASE PENDING IN ANOTHER DISTRICT | § | |
| (*In re Taylor Bean & Whitaker Mortgage* | § | |
| *Corp., et. al.,* case no. 3:09-BK-07047-JAF | § | |
| U.S. Bankruptcy Court, | § | |
| Middle District of Florida | § | |
| Jacksonville Division) | § | |
| Debtors | § | |
| | § | |
| SONIA and OSCAR MARROQUIN | § | |
| | § | |
| Plaintiffs | § | |
| vs. | § | ADV. NO. 13-1024-HCM |
| | § | |
| TAYLOR BEAN & WHITAKER | § | |
| MORTGAGE CORP. *et.al.,* | § | |
| | § | |
| Defendants | § | |

**MEMORANDUM OPINION**
**REGARDING MOTION TO TRANSFER VENUE**

On this day this Court considered the Motion to Transfer Venue (dkt no. 7) filed by Defendant Taylor Bean & Whitaker Mortgage Corp. ("TBW") and the Motion to Remand (dkt no. 9) filed by Plaintiffs Sonia Marroquin and Oscar Marroquin ("Plaintiffs"). For the reasons set forth in this Memorandum Opinion, the

1

Court will grant the Motion to Transfer Venue, and defer to the Florida Bankruptcy Court to decide Plaintiffs' Motion to Remand.

## I.  PROCEDURAL BACKGROUND

This adversary proceeding is a removed Texas state court suit styled *Sonia and Oscar Marroquin v. Taylor Bean & Whitaker Mortgage Corp. et.al.,* cause no. 40825 ("Suit"). The Suit was originally filed by Sonia and Oscar Marroquin (herein "Plaintiffs") in the 33rd Judicial District Court of Burnet County, Texas ("State Court").  The Suit was removed from State Court to this Court on January 25, 2013 by Defendant Taylor Bean & Whitaker Mortgage Corp. (herein "TBW"), by filing a Notice of Removal (dkt no. 1).  TBW is a debtor that filed a Chapter 11 bankruptcy case which is pending in the U.S. Bankruptcy Court for the Middle District of Florida, Jacksonville Division ("Florida Bankruptcy Court"), jointly administered chapter 11 case no. 3:09-BK-07047-JAF ("Florida Bankruptcy Case").

On March 6, 2013, this Court conducted a status hearing in this removed adversary proceeding. Respective counsel for TBW and Plaintiffs appeared at the status hearing. This Court then entered an Order on March 6, 2013 setting deadlines for filing a Motion to transfer venue by TBW, a Motion to remand by Plaintiffs, and responses thereto by the parties (dkt no. 4) ("Scheduling Order"). TBW timely filed a Motion to Transfer Venue and a Brief in Support with this Court on March 22, 2013 (dkt nos. 7, 8).  Plaintiffs were required by the Scheduling Order to file a Response to the Motion to Transfer Venue by April 12, 2013. Plaintiffs have failed to file a Response to the Motion to Transfer Venue. According to the express terms of the Scheduling Order, the "failure of Plaintiffs to timely file a Response may result in the Court considering the Motion to Transfer as unopposed, and granting such Motion to Transfer" venue (dkt no. 4, ¶1).

Plaintiffs did timely file a Motion to Remand on March 22, 2013 in accordance with the Scheduling Order (dkt no. 9). TBW timely filed a Response to the Motion to Remand with this Court on April 12, 2013(dkt no. 10).

## II.  FACTUAL BACKGROUND

The Suit was filed by Plaintiffs in State Court against TBW on October 30, 2012. The primary allegations made by Plaintiffs in the Suit may be summarized as follows, and are set forth in Plaintiffs' First Original Petition and Plaintiffs' First Amended Original Petition (dkt no.1, Ex. C; dkt no. 9, Ex. A).

In general, Plaintiffs allege in the Suit that TBW made a loan to Plaintiffs to purchase a home in Burnet County, Texas ("Property") in 2007. In connection with

such loan, Plaintiffs executed a Promissory Note in favor of TBW ("Note") and a Deed of Trust on the Property in favor of TBW to secure such loan. Plaintiffs further allege that in August 2009, the FDIC (as receiver for Colonial Bank) became the owner and holder of the Note and Deed of Trust. Plaintiffs contend that TBW ceased operations in 2009, TBW filed bankruptcy in the Florida Bankruptcy Court, and the ex-chairman of TBW was convicted in a fake mortgage scheme. Plaintiffs contend that that the Florida Bankruptcy Court entered an Order Establishing Protocol to Resolve Borrower Issues in the Florida Bankruptcy Case in February 2010 ("Florida Bankruptcy Court Protocol Order"). Plaintiffs allege that they are victims of a mortgage fraud and that TBW has failed to adhere to orders of the Florida Bankruptcy Court. In the Suit, Plaintiffs seek to quiet title to the Property, allege that that TBW's foreclosure on the Property was invalid because of TBW was in bankruptcy and did not have standing, and that TBW failed to comply with Texas law in foreclosing on the Property. Plaintiffs seek damages against TBW under various Texas state laws, a declaration that the Substitute Trustee's Deed (apparently conveying title to the Property from the Plaintiffs) should be removed, and injunctive relief. *See* Plaintiffs' First Original Petition (dkt no.1, Ex. C); Plaintiffs' First Amended Original Petition (dkt no. 9, Ex. A).

TBW was one of the largest independent mortgage lenders in the United States, originating over $30 billion in mortgage loans annually. According to TBW, by the end of July 2009, TBW was servicing over 512,000 mortgages with balances in excess of $80 billion (dkt no. 8, ¶2).

On August 29, 2009, TBW (as debtor) filed a voluntary petition under Chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Middle District of Florida, Jacksonville Division (herein "Florida Bankruptcy Court"). TBW's bankruptcy case in pending in the Florida Bankruptcy Court, under jointly administered case no. 3:09-BK-07047-JAF ("Florida Bankruptcy Case"). On July 21, 2011, the Florida Bankruptcy Court entered an Order ("Confirmation Order") which confirmed a Third Amended and Restated Joint Plan of Liquidation of the Debtors and Official Committee of Unsecured Creditors Committee ("TBW Plan"). *See* Confirmation Order (dkt no. 8, Ex. A); TBW Plan (dkt no. 10, Ex. 1).

### III.  LEGAL ANALYSIS

Defendant TBW has filed a Motion to Transfer Venue with this Court, seeking to transfer venue of the Suit (now this adversary proceeding) to the Florida Bankruptcy Court.  As set forth above, Plaintiffs were required by this Court's Scheduling Order to file a Response to the Motion to Transfer Venue by April 12, 2013. Plaintiffs have failed to file a Response to the Motion to Transfer Venue. According to the express terms of the Scheduling Order, the failure of Plaintiffs to timely file a Response may result in the Court considering the Motion to Transfer

as unopposed, and granting the Motion to Transfer Venue (dkt no. 4, ¶1). For this reason alone, this Court can grant the Motion to Transfer Venue.

Even if this Court were to examine the Motion to Transfer Venue on its merits, it should be granted. TBW requests that the Court transfer venue of this adversary proceeding to the Florida Bankruptcy Court under 28 U.S.C. §§ 1404 or 1412, and Rule 7087 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). Bankruptcy Rule 7087, in general, provides that a bankruptcy court may transfer an adversary proceeding to another district under 28 U.S.C. §1412.   In turn, 28 U.S.C. §1412 provides that a court may transfer a case or proceeding under title 11 (the Bankruptcy Code) to a district court for another district "in the interest of justice *or* for the convenience of the parties" (italics added).

As 28 U.S.C. §1412 is written in the disjunctive, venue may be transferred upon a showing that <u>either</u> the interest of justice *or* the convenience of the parties warrants such transfer. *See e.g., Brundgardt Honomichl & Co. v. P.F. Net Construction Corp. (In re Velocita Corp.),* 285 B.R. 188, 190 (Bankr. M.D. N.C. 2002); *Irwin v. Beloit Corp., (In re Harnischfeger Indus., Inc.)*, 246 B.R. 421, 435 (Bankr. N.D. Ala. 2000).

For the reasons set forth by TBW in the Motion to Transfer Venue and after considering the factors set forth therein, the Court finds that the Motion to Transfer Venue should be granted. Cases have identified a number of factors that may be considered in determining whether transfer of venue will serve the interest of justice, including the following: (i) the economic administration of the bankruptcy estate; (ii) the presumption in favor of trying proceedings related to a bankruptcy case in the court in which the bankruptcy is pending; (iii) judicial efficiency; (iv) ability to receive a fair trial; (v) the state's interest in having local controversies decided within its borders; (vi) enforceability of any judgment rendered; and (vii) the plaintiff's original choice of forum. *See e.g., In re Velotica,* 285 B.R. at 190; *Blanton v. IMN Financial Corp.,* 260 B.R. 257, 266 (M.D.N.C. 2001). Although in this Suit, Plaintiffs' choice of forum in Texas state court and the state's interest in deciding local controversies favor retaining venue, these factors are outweighed in this particular case by the factors of economic administration of the massive TBW bankruptcy, judicial consistency, and judicial efficiency.

Further, courts often presume that the proper venue for a proceeding related to a bankruptcy case is in the district where the bankruptcy case is pending (here, the Florida Bankruptcy Court). *See e.g., IMN Financial Corp.,* 260 B.R. at 266 (transferring venue of borrower mortgage dispute to home district of bankruptcy court when home bankruptcy court is familiar with sale of hundreds of mortgages by debtor approved by that bankruptcy court);   *Sudbury, Inc. v. Dlott (In re Sudbury),* 149 B.R. 489, 493 (Bankr. N.D. Ohio 1993) (general presumption is that all matters involving a bankruptcy should be tried in the court in which the

4

bankruptcy is pending).

Here, Plaintiffs are two of thousands of borrowers under loans originally made by the Debtor TBW, which are being administered as part of the Florida Bankruptcy Case. One of the threshold issues raised in Plaintiffs' Suit (and now this adversary proceeding) is whether the Debtor TBW and its bankruptcy estate owned the Note and Deed of Trust on the Property of Plaintiffs and had the right to foreclose on the Property, or whether the FDIC (as receiver of Colonial Bank) owned the Note and Deed of Trust and was the only entity with the right to foreclose.  In the Suit, Plaintiffs contend that the FDIC owned the Note and Deed of Trust. TBW contends that TBW and its bankruptcy estate owned the Promissory Note and Deed of Trust and that the FDIC (as receiver of Colonial Bank) has a security interest in the Note and Deed of Trust, as part of a settlement agreement dated August 2010 approved by the Florida Bankruptcy Court in the Florida Bankruptcy Case. *See* Settlement Agreement (dkt no. 10, Ex. 2).

Determination of this threshold issue is a complex one, and involves interpretation of hundreds of pages of the Settlement Agreement, TBW Plan, and Confirmation Order.   In the interests of justice, and for the economic administration of the TBW bankruptcy case, judicial consistency, and judicial efficiency, this threshold issue is best determined by the Court most familiar with it—the Florida Bankruptcy Court.

Another primary issue raised by Plaintiffs in the Suit (and now this adversary proceeding) is that TBW has violated orders of the Florida Bankruptcy Court, including the Florida Bankruptcy Court Protocol Order. Again, in the interests of justice, and for judicial consistency and judicial efficiency, this issue is best determined by the Court that entered the orders—the Florida Bankruptcy Court.

Another key issue in the dispute is whether the automatic stay in TBW's bankruptcy case under 11 U.S.C. §362, and whether the injunction and jurisdictional retention that is part of the complicated TBW Plan and Confirmation Order entered by the Florida Bankruptcy Court, prohibits Plaintiffs from seeking some of the relief in State Court against the debtor TBW and property of the TBW bankruptcy estate.  In the interests of justice, and for judicial consistency and efficiency, these issues are best determined by the Court that entered the orders—the Florida Bankruptcy Court.

Plaintiffs have filed a Motion to Remand the Suit to State Court (dkt no. 9). Plaintiffs do not cite any statutory basis for remand—such as (i) 28 U.S.C. § 1452(b) (equitable remand); (ii) 28 U.S.C. §1334(c)(1) (permissive or discretionary abstention); or (iii) 28 U.S.C. §1334(c)(2) (mandatory abstention). However, Plaintiffs make some arguments that the Suit should be remanded based on judicial economy and lack of "core jurisdiction" by the Florida Bankruptcy Court.

5

Although this Court is very sympathetic to Plaintiffs' plight, under these particular circumstances, this Court believes that the Florida Bankruptcy Court is the best forum to decide whether remand to State Court is appropriate, for the reasons set forth above.

In substance, in our setting, this Court is a "local" or "conduit" court, through which a suit pending in a state court (such as the Suit filed by Plaintiffs in Texas state court) is removed to a "home" bankruptcy court in another state (such as the bankruptcy court in Florida where TBW's bankruptcy case is pending). As a local or conduit court, this Court has the discretion to permit the "home" bankruptcy court (in this setting the Florida Bankruptcy Court) to make the decision on whether or not it desires to keep the Suit or to remand the Suit back to State Court. *See e.g., Thomason Auto Group LLC v. China America Coop.,* 2009 Dist. LEXIS 22669 at *12 (D. N.J. 2009) (courts often defer to the home court of the bankruptcy to decide the issue of remand or abstention, as the home court is often in the best position to evaluate the claims and determine if remand is appropriate); *George Junior Republic v. Williams*, 2008 Dist. LEXIS 22682 at *14-15 (E.D. Pa. 2008); *Philadelphia Health Care Trust v. Tenet Health System Philadelphia Inc. (In re Allegheny Health, Education and Research Foundation),* 1999 Bankr. LEXIS 1401 at *2 (Bankr. E.D. Pa. 1999)(where a bankruptcy court is confronted with a motion to transfer venue to a home bankruptcy court and a motion to remand to state court, the suit should be transferred to the home bankruptcy court to decide the issue of whether to remand the suit to state court); *see also* cases cited in TBW Brief (dkt no. 8, p. 8).

Under these particular circumstances— a large and complex bankruptcy case pending in the home court (the Florida Bankruptcy Case of TBW) and numerous orders of the home bankruptcy court (the Florida Bankruptcy Court) being implicated by the Suit—this Court believes that the Florida Bankruptcy Court is in the best position to evaluate the claims and decide whether or not the Suit should be remanded.

It may well be that the Florida Bankruptcy Court determines that the Suit brought by Plaintiffs against TBW (now this adversary proceeding) does not violate any of its orders or the Bankruptcy Code, and that the issues are best left to the State Court to decide. If so, the Florida Bankruptcy Court can remand the State Court Suit back to State Court for adjudication. In any event, the remand issue, in this highly complex situation, is best decided by the "home court" (the Florida Bankruptcy Court where the TBW bankruptcy case is pending) and not the "local court" (this Court, which in essence as a conduit court between the State Court and Florida Bankruptcy Court).

6

**IV.**     **<u>CONCLUSION</u>**

For the reasons set forth herein, the Motion to Transfer Venue (dkt no. 7) filed by Defendant Taylor Bean & Whitaker Mortgage Corp. ("TBW") will be granted, and the Florida Bankruptcy Court may decide the Plaintiffs' Motion to Remand.   An Order granting the Motion to Transfer Venue will be entered of even date that incorporates this Memorandum Opinion.

###